1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | MARIO A. MEJIA,                          1:10-cv-00910-LJO-DLB (HC)

10 |                  Petitioner,            FINDINGS AND RECOMMENDATION
                                             REGARDING PETITION FOR WRIT OF
11 |        v.                                HABEAS CORPUS

12 |                                          [Doc. 1]
     M. GONZALES,
13
                     Respondent.
14 | _____/

15
16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17 | pursuant to 28 U.S.C. § 2254.

18        Petitioner filed the instant federal petition for writ of habeas corpus on May 17, 2010.

19 | Petitioner challenges an Immigration and Customs Enforcement (ICE) detainer.

20                                        DISCUSSION

21 | I.       Procedural Grounds for Dismissal

22        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

23 | review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

24 | plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4

25 | of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

26 | 1990).

27 | ///

28 | ///

1

II.     Merits of Petition

The Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place an alien in [ICE] custody to make habeas corpus available." Garcia v. Taylor, 40 F.3d 299, 303 (1004). Indeed, Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) serving a sentence of three years imposed on July 8, 2008.

In addition, Petitioner's challenge is not cognizable in a habeas corpus action. Title 8 U.S.C. § 1252 allows only very limited judicial review of ICE orders and decisions. See 8 U.S.C. § 1252 (stating which orders are reviewable and listing requirements to seek judicial review); Reno v. American-Arab Anti-Discrimination Comm., 119 S.Ct. 936, 943 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of ICE's "decision or action to commence proceedings, adjudicate cases, or execute removal orders"). However, there is no support for the proposition that the Court has jurisdiction to review the Immigration and Customs Enforcement Agency's alleged future conduct. It is the ICE and not this Court, which must determine whether the Petitioner in this case is deportable or removable. It is also the ICE who determines whether the Petitioner is entitled to a stay from removal under § 212(c). The ICE detainer or hold does not mean that Petitioner is in INS custody for the purposes of obtaining habeas corpus relief. See Campos v. Immigration and Naturalization Service, 62 F.3d 311 (9th Cir. 1995); Garcia, 40 F.3d at 303. The hold is only a notification that a removal decision will be made at some later date. Garcia, at 303-04; Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Because Petitioner is subject to an ICE detainer or hold, there is no final order of removal or deportation and he is not ICE custody. Thus, the Court cannot proceed with a habeas corpus petition concerning the ICE's actions. See 28 U.S.C. § 2241(c).

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The instant petition for writ of habeas corpus be DISMISSED; and

2.      The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   **June 25, 2010**                    **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE